## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS 4115 Chesapeake Street, N.W., Washington, D.C. 20016, | ) ) ) ) ) ) ) |
| BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PIPE LINE EMPLOYERS HEALTH AND WELFARE FUND 1125 Seventeenth Street, N.W. Washington, D.C. 20036, | ) ) ) ) ) ) ) |
| and | ) ) |
| BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PLCA NATIONAL PIPELINE TRAINING FUND 1125 Seventeenth Street, N.W. Washington, D.C. 20036, | ) ) ) ) **C O M P L A I N T** ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| COGAR RIGHT-OF-WAY CLEARING, LLC. 785 Bennett Avenue Webster Springs, WV 26288 | ) ) ) ) |
| Serve: Thomas Cogar 186 Forest Park Road Webster Springs, WV 26288 | ) ) ) ) ) |
| Defendant. | ) |

## **COMPLAINT**

### **(TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUNDS)**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

**PARTIES**

1.      Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund").  The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2.      Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Health and Welfare Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W.,

2

Washington, D.C. 20036. The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.     Plaintiff, Board of Trustees of the International Union of Operating Engineers and PLCA National Pipe Line Training Fund ("Pipe Line Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). The Pipe Line Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Pipe Line Training Fund was established and is maintained in accordance with its Agreement and Declaration of Trust. The Pipe Line Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The Board of Trustees is the designated fiduciary in accordance with the Pipe Line Training Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.     Defendant, Cogar Right-of-Way Clearing, LLC. is a West Virginia limited liability company that has a place of business at 785 Bennett Avenue, in Webster Springs, West Virginia 26288, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

5.     This is an action to collect contributions due to employee benefit plans under the terms of a collective bargaining agreement and for equitable relief. This Court has subject

matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § §

1132(a)(3), (g) and 1145.

6.      This Court has personal jurisdiction over the Defendant pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

7.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29

U.S.C. § 1132(e)(2).

## **FACTS**

8.      Defendant has been bound to and signatory at all relevant times to the National

Pipe Line Agreement that governs the wages, benefits and terms and conditions of

employment of apprentices and journeymen performing work covered by the Agreement.

9.      Pursuant to the Agreement, Defendant agreed to pay to the Plaintiffs certain

sums of money for each hour worked by employees of the Defendant performing work

covered by the Agreement.

10.     Between the period of January 2010 through December 2012, Defendant

employed employees performing work under the Agreement.

11.     During the period of January 2010 through December 2012, the Defendant

failed to pay all contributions owing to the Plaintiffs.

12.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, an

employer who fails to pay required contributions is liable for liquidated damages in the

amount of 20% of the total contributions owed.

13.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an

employer who fails to pay required contributions is liable for interest at the rate of 9% per

annum.

Case 1:18-cv-02299-RMC   Document 1   Filed 10/04/18   Page 5 of 7

14.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES TO EMPLOYEE BENEFIT FUNDS PURSUANT TO AUDIT FINDINGS)

15.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16.     In March 2018 Calibre CPA Group PLLC completed a payroll audit of the records supplied by the Defendant for various job locations associated with Employer Identification Number 32025 for the period of January 2010 through December 2012 for work performed under the Agreement within the jurisdictions of International Union of Operating Engineers Local Union Nos. 18, 66, 132 and 542.

17.     The results of the audit revealed that during the months of January 2010 to December 2012, the Defendant failed to pay contributions owing to the Plaintiffs under the Agreement in the total amount of $49,669.49 for the audited job locations.

18.     The Defendant failed to pay the amount of contributions owing to the Plaintiffs as revealed by the audit.

19.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreement, the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

20.     The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiffs, as well as the cost of the audit.

5

21.     The Plaintiffs are entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on the unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendant.

**WHEREFORE,** Plaintiffs pray judgment against the Defendant on Count I of the Complaint as follows:

A.     For unpaid contributions due and owing to the Plaintiffs for work performed with the jurisdictions of International Union of Operating Engineers Local Union Nos. 18, 66, 132 and 542 on the audited accounts during the months of January 2010 to December 2012 in the amount of $49,669.49 for employer number 32025.

B.     For liquidated damages and interest for any unpaid contributions owed as provided for in the Plaintiffs' Restated Agreements and Declarations of Trust and pursuant to 29 U.S.C. § 1132(g)(2) up to the date of judgment.

C.     For costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Plaintiffs' Restated Agreements and Declarations of Trust up to the date of judgment.

D.     Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: <u>October 4, 2018</u>          By:     <u>/s/ Charles W. Gilligan</u>
                                        Charles W. Gilligan (Bar No. 394710)
                                        **O'DONOGHUE & O'DONOGHUE LLP**
                                        5301 Wisconsin Avenue, N.W.
                                        Suite 800
                                        Washington, D.C. 20015
                                        Telephone: (202) 362-0041
                                        Facsimile: (202) 237-1200

                                        *Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 4th day of October, 2018 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>             Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan

314576_1